UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED
NOV 12 2009

|  |  |
|---|---|
| RYAN WINGLER, | CIV. 09-4157 |
| Petitioner, | |
| -vs- | OPINION AND ORDER |
| DOUGLAS WEBER, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner, Ryan Wingler, an inmate at the Yankton Trustee Unit, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

Petitioner was sentenced on five felony counts of fraudulent insurance acts and on one count of grand theft to a total of 21 years imprisonment with three years suspended. A written judgment was entered on June 21, 2006. Petitioner filed a direct appeal and on June 20, 2007, the South Dakota Supreme Court affirmed his conviction. *State v. Wingler*, 2007 SD 7, 734 N.W.2d 795 (2007).

Petitioner filed a state habeas petition on September 10, 2008, which was dismissed on May 11, 2009. *See* Doc. 1. The state habeas court denied Petitioner's motion for certificate of probable cause on June 8, 2009, and a certificate of probable cause was also denied by the South Dakota Supreme Court on October 2, 2009. *Id.* This federal case was filed on October 30, 2009. *Id.*

Petitioner's instant federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1); *Beery v. Ault*, 312 F.3d 948, 949 (8th Cir. 2003). The federal limitations period runs from the date on which Petitioner's state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. *Id.* By Supreme Court rule, a petitioner has 90 days from the date of entry of judgment in a state court of last resort to petition for certiorari. *Id.*, Sup. Ct. R. 13. The statute of limitations is tolled, however, while "a

properly filed application for State post-conviction review is pending." *Id.;* § 2244(d)(2). *See generally, Painter v. State of Iowa,* 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). *See also Curtiss v. Mount Pleasant Correctional Facility,* 338 F.3d 851, 853 (rejecting the suggestion that the federal filing deadline had not expired because state petition was timely filed according to state law, and federal petition was filed within one year after state statute of limitations had expired); *Jackson v. Ault,* 452 F.3d 734, 735 (8th Cir. 2006) ("It does not matter that [petitioner's]...state post conviction relief application was timely filed under [state] law. The one year AEDPA time limit for federal habeas filing cannot be tolled after it has expired.").

The Court may raise the statute of limitations issue *sua sponte*. *Day v. McDonough,* 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006). The Court must, before acting on its own initiative to dismiss the federal petition based on the AEDPA statute of limitations, "accord the parties fair notice and opportunity to present their positions." *Id.* Further, the Court must "assure itself that the Petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or dismissing the petition as time barred." *Id.* Accordingly, the Court will order the parties to show cause why his federal petition should not be dismissed as untimely.

## CONCLUSION AND ORDER

Accordingly, it is hereby

ORDERED that on or before December 7, 2009, the parties shall file briefs, documentation, and/or other appropriate authority showing cause why Petitioner's federal habeas petition, filed October 30, 2009, should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1).

Dated this 12 day of November, 2009.

BY THE COURT:

John E. Simko
United States Magistrate Judge

2